UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-21072-CIV-MORENO

MARGARITA NAVARRO,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

In this cruise line trip-and-fall case, Plaintiff Margarita Navarro asserts a single claim for negligence against Defendant Carnival Corporation. Specifically, Navarro alleges that Carnival is liable for the injuries she suffered to her knee, hip, and shoulder after a Carnival employee photographer "unexpectedly" stuck her leg out while taking a picture, causing Navarro to trip and fall. Carnival filed a Motion to Dismiss **(D.E. 6)** on grounds that Navarro fails to allege that Carnival had "actual or constructive" notice of the alleged hazard. In her Opposition, Navarro insists that her Complaint adequately alleges notice and breach of duty.

THE COURT has considered the Motion, the Response in Opposition, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Motion is **GRANTED**. Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE.**

## BACKGROUND

In her Complaint, Navarro alleges she was a paying passenger on Carnival's Imagination cruise vessel on March 23, 2018, when she suffered injuries to her knee, hip, and shoulder after being "tripped by a Cruise Photographer" working for Carnival. (D.E. 1 at ¶ 7.) The core factual allegation

in the Complaint is that a Carnival employee photographer "unexpectedly stuck her leg out when she went down on one knee to take a picture," and Navarro tripped over the employee's leg. *Id.* This is where the specific relevant factual allegations end.

Navarro goes on to allege that Carnival owed her a duty to exercise reasonable care under the circumstances for her safety, and that Carnival breached its duty of care to Navarro by: (1) "creating a hazardous condition, by the negligent action of its employee"; (2) "failing to properly rope off the area"; (3) "failing to train its personnel to prevent such accidents"; and (4) "failing to warn [Navarro] and fellow passengers of a dangerous and hazardous condition." *Id.* at ¶¶ 8–9. Finally, Navarro alleges that as a direct and proximate cause of Carnival's negligence, she has suffered physical and emotional injuries that are permanent or continuing in nature. *Id.* at ¶ 10.

## LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Detailed factual allegations are not required, but a complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555 (citation omitted). The factual allegations must be enough to "raise a right to relief above the speculative level." *Id.* (citations omitted).

## DISCUSSION

To state a negligence claim, Navarro must allege: (1) Carnival had a duty to protect her from a particular injury; (2) Carnival breached that duty; (3) the breach actually and proximately caused her injury; and (4) she suffered actual harm. *Pizzino v. NCL (Bahamas) Ltd.*, 709 F. App'x 563, 565 (11th Cir. 2017) (citing *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015)). Under federal maritime law, a ship owner owes all passengers a duty of exercising reasonable care under the circumstances. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959)). Importantly, "where . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure"—as is the case here—Navarro must also allege factual matter demonstrating that Carnival "had actual or constructive notice of the risk-creating condition." *Pizzino*, 709 F. App'x at 565 (quoting *Keefe*, 867 F.2d at 1322).

Here, Navarro's allegations fall short of stating a claim for negligence. Aside from alleging that a Carnival employee photographer "*unexpectedly* stuck her leg out when she went down on one knee to take a picture" (D.E. 1 at ¶ 7 (emphasis added)), Navarro does not allege any facts explaining how Carnival had, or why Carnival should have had, actual or constructive notice of the risk-creating condition—the "unexpected" leg movement. Accordingly, the Court cannot "draw the reasonable inference" that Carnival had actual or constructive notice of the risk-creating condition. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In addition, Navarro asserts four theories of Carnival's negligence: (1) "creating a hazardous condition, by the negligent action of its employee"; (2) "failing to properly rope off the area"; (3) "failing to train its personnel to prevent such accidents"; and (4) "failing to warn [Navarro] and fellow passengers of a dangerous and hazardous condition." *Id.* at ¶¶ 8–9. Now, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556

3

U.S. at 679. But here, Navarro does not assert a single factual allegation supporting any of these theories. For example, Navarro does not allege any facts showing or explaining: how or why the employee photographer created a hazardous condition by taking a photograph; how or why the employee's leg movement fell below the requisite standard of care; how or why Carnival's failure to warn Navarro fell below the requisite standard of care; or, how or why the training given to Carnival employees fell below the requisite standard of care.

In short, Navarro's relevant factual allegations begin and end with paragraph 7. Without additional factual allegations regarding the context or circumstances of the trip-and-fall, the Court cannot "draw the reasonable inference" that Carnival's actions—through its employee photographer's "unexpected" leg movement—fell below the requisite standard of care.

## CONCLUSION

For these reasons, it is

**ADJUDGED** that the Motion to Dismiss is **GRANTED**. Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE**. It is further

**ADJUDGED** that Navarro is granted leave to file an Amended Complaint, which she must do no later than **Monday, November 4, 2019**. The Amended Complaint must include relevant factual allegations supporting Carnival's actual or constructive notice of the risk-creating condition. Each of Navarro's theories of negligence must also be supported by relevant factual allegations. Should Navarro fail to timely file an Amended Complaint, the Court will direct the Clerk of Court to close the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _10_ of October 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

4