UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-21072-CIV-MORENO

MARGARITA NAVARRO,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

# ORDER GRANTING MOTION TO DISMISS AND
# ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE

In this cruise line trip-and-fall case, Plaintiff Margarita Navarro asserts a single claim for negligence against Defendant Carnival Corporation. After the Court dismissed Navarro's initial complaint for failing to state a negligence claim, Navarro filed an Amended Complaint, which supplements her core allegation that Carnival is liable for Navarro's knee, hip, and shoulder injuries that resulted from tripping over an unexpectedly extended leg of a Carnival employee-photographer.

Carnival filed another Motion to Dismiss (**D.E. 18**), which argues that Navarro still fails to allege that Carnival had "actual or constructive" notice of the alleged hazard, and in failing to do so, Navarro attempts to convert Carnival into an insurer of passenger safety based on a theory of general foreseeability. Navarro insists that she adequately states a claim for negligence.

THE COURT has considered the Motion, the Response in Opposition, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Motion to Dismiss is **GRANTED**. Accordingly, the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

# I. BACKGROUND

The initial complaint's core allegation was that the Carnival employee-photographer "unexpectedly stuck her leg out when she went down on one knee to take a picture," and Navarro tripped over the employee's leg. (D.E. 1 at ¶ 7.) Finding this allegation to be the only relevant specific allegation in the initial complaint, the Court could not draw the reasonable inference that Carnival had "actual or constructive notice" of the risk-creating condition, and accordingly the Court granted Carnival's motion to dismiss. (*See* D.E. 14 at 3–4.)

Like the initial complaint, the Amended Complaint alleges that Navarro was a paying passenger on Carnival's Imagination cruise vessel on March 23, 2018 when she suffered injuries to her knee, hip, and shoulder after being "tripped by a Carnival Employee, a cruise photographer, that was taking pictures." (D.E. 15 at ¶¶ 6–7.) The Amended Complaint adds some new, somewhat more specific, allegations concerning the events spurring this lawsuit. For instance, the Amended Complaint alleges the photographer was stationed on the promenade deck on the forward starboard side of the vessel in the "Photo Gallery." *Id.* at ¶ 9. Next, the Amended Complaint alleges that "[p]assengers routinely walk around the . . . Promenade deck, and the Photo Gallery section of the vessel is [in] a high traffic area . . ., which is well known to Carnival employees and specifically the photographer." *Id.* at ¶ 10.

The critical moment in this lawsuit occurred when Navarro was "walking through the Photo Gallery [and] the Carnival Employee / Photographer stuck her leg out when she went down on one knee to take a picture, thereby tripping Mrs. Navarro." *Id.* at ¶ 11. According to the Amended Complaint, the photographer "did not examine her surroundings and check for nearby passengers before she kneeled down" and the area where the photographer was taking pictures was "not roped off to the public and no other precautions were taken by Carnival to prevent the subject accident." *Id.* at ¶¶ 12–13. The Amended Complaint then alleges that "[b]y extending her leg into a high traffic

area without examining her surroundings the Carnival Employee / Photographer knowingly (from the Photographer's standpoint) created a tripping hazard." *Id* at ¶ 14.

Finally, the Amended Complaint alleges that as a direct and proximate cause of Carnival's negligence, Navarro injured her right knee and right hip, dislocated her left shoulder, and tore her rotator cuff. *Id.* at ¶¶ 15–16. Navarro continues to suffer from these injuries. *Id.*

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Detailed factual allegations are not required, but a complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555 (citation omitted). The factual allegations must be enough to "raise a right to relief above the speculative level." *Id.* (citations omitted).

## III. DISCUSSION

To state a negligence claim, Navarro must allege that: (1) Carnival had a duty to protect her from a particular injury; (2) Carnival breached that duty; (3) Carnival's breach actually and proximately caused her injury; and (4) she suffered actual harm. *Pizzino v. NCL (Bahamas) Ltd.*, 709 F. App'x 563, 565 (11th Cir. 2017) (citing *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015)). Under federal maritime law, Carnival owes all passengers a duty of exercising reasonable

care under the circumstances. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630–32 (1959)). Carnival is not, however, liable to its passengers "as an insurer"; "but only for its negligence." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984) (quoting *Kermarec*, 358 U.S. at 632)). As such, Carnival's duty of care extends only to "those dangers which are not apparent and obvious to the passenger." *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1322–23 (S.D. Fla. 2011) (quoting *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006)).

It is important to remember that "negligence should not be inferred from the 'mere happening of an accident alone.'" *Wish v. MSC Crociere S.A.*, Case No. 07-60980, 2008 WL 5137149, at *2 (S.D. Fla. Nov. 24, 2008) (citing *Belden v. Lynch*, 126 So. 2d 578, 581 (Fla. 2d DCA 1961)). So, where "the menace is one commonly encountered on land and not clearly linked to nautical adventure"—as is the case here—Navarro must allege factual matter demonstrating that Carnival had "actual or constructive notice *of the risk-creating condition*." *Pizzino*, 709 F. App'x at 565 (quoting *Keefe*, 867 F.2d at 1322) (emphasis added).

### A. <u>OPEN AND OBVIOUS</u>

To start, the Amended Complaint fails to allege that the risk creating condition was "not open and obvious." *See Spall v. NCL (Bahamas) Ltd.*, 275 F. Supp. 3d 1345, 1349–50 (S.D. Fla. 2016) (granting motion to dismiss negligence claim where the complaint "failed to allege that any danger was not open and obvious to Plaintiff") (quoting *Lapidus v. NCL Am. LLC*, 924 F. Supp. 2d 1352, 1356 (S.D. Fla. 2013)). Navarro does not allege that she tripped on a clear wet surface, or on a slightly uneven board, or on a hidden nail protruding from the deck; she alleges that she voluntarily walked through a "high traffic" area of the vessel and that she tripped after "unexpectedly encounter[ing] a photographer moving into [her] path." (D.E. 15 at ¶¶ 10–11, 23.) Although the Amended Complaint

does not include factual allegations describing the "high traffic" area, common sense says that busy areas always raise a risk of unexpected physical contact with other persons or with objects. Navarro chose "to take the risk; but the risk, nonetheless, [was] obvious and apparent." *Isbell*, 462 F. Supp. 2d at 1238.

Navarro's omission is fatal to her negligence claim because a court "need not even reach the defendant's actual or constructive notice of a risk-creating condition if they determine that condition was an open and obvious danger." *Smith v. Royal Caribbean Cruises, Ltd.*, 620 F. App'x 727, 730 (11th Cir. 2015). For this reason alone, Navarro fails to state a claim for negligence.

### B. ACTUAL AND CONSTRUCTIVE NOTICE

Even if Navarro alleged the risk creating condition was not open or obvious, she also fails to assert any factual allegations showing Carnival was on actual or constructive notice of the risk creating condition. Actual notice exists when "the defendant knows of the risk creating condition." *Bujarski v. NCL (Bahamas) Ltd.*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016) (citing *Keefe*, 867 F.2d at 1322). And constructive notice arises when "a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Id.* at 1250–51 (quoting *Bencomo v. Costa Crociere S.P.A. Co.*, Case No. 10-62437, 2011 WL 13175217, at *2 (S.D. Fla. Nov. 10, 2011), *aff'd*, 476 F. App'x 232 (11th Cir. 2012)).

Here, Navarro's allegations again fall short of alleging actual or constructive notice of the risk creating condition. As the Amended Complaint alleges, the risk creating condition was the tripping hazard created by the employee-photographer extending her leg into a "high traffic" area, which was not roped off, while she entered a kneeling position to take a photograph in the Photo Gallery. (*See* D.E. 15 at ¶¶ 11–13.) The Amended Complaint goes on to allege that Carnival knew the Photo Gallery was in a high traffic area, *id.* at ¶¶ 18–19, and that Carnival "was or should have been aware" that its employee-photographers "take pictures of passengers from multiple different angles, often

requiring a photographer to enter a kneeling position," *id.* at ¶ 20. The problem is that—aside from the conclusory allegation that Carnival "was or should have been aware" of the risk creating condition—there are no factual allegations supporting conclusion that Carnival *knew* of this risk creating condition, or that the risk creating condition existed for such a period of time that Carnival *must have known* the condition was present and thus would have been invited to corrected it.

As currently alleged, it appears that Navarro mistakenly conflates foreseeability with actual or constructive notice. Was it foreseeable that an employee-photographer working in a high traffic area might trip a passenger by accident? Sure. Does that mean Carnival was on actual or constructive notice of the tripping hazard? Not necessarily; it depends on the factual allegations. And here, Navarro does not allege facts showing that Carnival knew the employee-photographer changed positions to take photographs, and in doing so stuck out her leg into the walkway; nor does Navarro assert any allegations showing prior incidents, "close calls," or complaints about employee-photographers actually or almost tripping a passenger by accident in any area of any ship, *etc.* Taken together, the Court cannot draw the reasonable inference that Carnival was on actual or constructive notice. *See, e.g., Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1394 (S.D. Fla. 2014) (granting motion to dismiss negligence claim where there were "no allegations of prior injuries . . . or of any safety concerns or management problems that would have put Celebrity on notice of a dangerous condition triggering a duty to warn passengers of the risk"); *Gibson v. NCL (Bahamas) Ltd.*, Case No. 11-24343, 2012 WL 1952667, at *5 (S.D. Fla. May 30, 2012) (granting motion to dismiss negligence claim where there were "no allegations as to any prior practices or behavior of the Excursion Entities that would have put NCL on notice of dangers").

In effect, allowing Navarro's claim to proceed as alleged would endorse the "'general foreseeability' theory of liability"—a theory that has been "roundly rejected by federal courts because it would essentially convert a carrier into an insurer of passenger safety." *Francis v. MSC Cruises,*

*S.A.*, Case No. 18-61463, 2019 WL 4247290, at *4 (S.D. Fla. Sept. 5, 2019) (citing *Taiariol v. MSC Crociere S.A.*, 677 F. App'x 599, 601–02 (11th Cir. 2017)). This the Court cannot do.

### C. **NEGLIGENCE**

Navarro also fails to allege negligence. The three negligence theories asserted here are that: (1) "Carnival did not rope off or otherwise take sufficient precaution to protect the subject location where the Carnival Employee was taking her pictures, even though it was located in a high traffic part of the vessel"; (2) "Carnival did not adequately train its photographers to examine their surroundings before changing positions in order to prevent accidents"; and (3) "Carnival—knowing that its photographers often shift and move around to take pictures—placed no signs, ropes, or employees to caution passengers that they were approaching an area where the passenger might unexpectedly encounter a photographer moving into their path." (D.E. 15 at ¶¶ 21–23.)

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Once again, Navarro does not assert factual allegations supporting her negligence theories. There are no allegations showing or explaining how long Carnival knew about the alleged risk creating condition; how or why Carnival's failure to warn Navarro fell below the requisite standard of care; or, how or why the training given to Carnival employees fell below the requisite standard of care.

Put simply, the threadbare allegation that Carnival "was or should have been aware" of the risk creating condition is not enough to state a claim for negligence. *See Harding v. NCL (Bahamas) Ltd.*, 90 F. Supp. 3d 1305, 1308 (S.D. Fla. 2015) (granting motion to dismiss negligence claim and finding "unpersuasive" and "bereft of supporting facts" the allegation that "NCL knew or should have known that the deck was wet") (internal citations and alterations omitted); *Giladi v. NCL (Bahamas) Ltd.*, Case No. 15-20108, 2015 WL 12778386, at *2 (S.D. Fla. Mar. 31, 2015) (granting motion to dismiss and ruling that the "allegation that NCL 'knew and/or should have known' of the condition

is a legal conclusion, bereft of facts to support it").

### D. DISMISSAL WITHOUT PREJUDICE

The Eleventh Circuit has "never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 930 (11th Cir. 2016). Nor has the Eleventh Circuit "concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so." *Id.*

Here, the Court previously identified several shortcomings in the initial complaint. *See* D.E. 14. The Amended Complaint—which is only marginally different from the original—still falls short of curing the previously identified deficiencies. Nevertheless, the Court will grant Navarro one more opportunity to allege a plausible claim for negligence; but the failure to state a claim after a third attempt will result in dismissal *with* prejudice.

### CONCLUSION

For all these reasons, it is

**ADJUDGED** that:

(1) The Motion to Dismiss **(D.E. 18)** is **GRANTED**;

(2) The Amended Complaint **(D.E. 15)** is **DISMISSED WITHOUT PREJUDICE**; and

(3) Navarro is granted leave to file a first amended complaint, which she must do **no later than Friday, April 10, 2020**. Failure to file a first amended complaint will result in dismissal with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___ of March 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

- 8 -