UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 19-21072-CIV-MORENO**

MARGARITA NAVARRO,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

**ORDER GRANTING MOTION TO DISMISS**

THIS CAUSE came before the Court upon Motion to Dismiss for Failure to State a Claim **(D.E. 28)**.

THE COURT has considered the motion, the response, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED.

**I.     Background**

Plaintiff, Margarita Navarro, went on a Carnival Cruise on March 23, 2018. That day, she tripped over the outstretched leg of a Carnival photographer as he knelt down on the main deck to take a photo. The area was not roped off, nor did the photographer check his surroundings before kneeling. Plaintiff suffered knee, hip, and shoulder injuries. She now alleges a single count of negligence against Carnival under a vicarious liability theory.

This Court has previously dismissed Plaintiff's complaint for failure to adequately allege actual or constructive notice of the risk-creating condition. In her second amended complaint, Plaintiff attempts to bypass the need to plead notice altogether by reformulating her negligence

claim as a vicarious liability claim, rather than one against Carnival directly for premises liability. She claims that notice is unnecessary because under vicarious liability, Carnival is responsible for the conduct of their employees regardless of whether Carnival is at fault. While Plaintiff is correct that vicarious liability does not require the employer to be at fault, it does not excuse the requirements of duty and notice. As detailed below, this novel theory is contrary to Eleventh Circuit law, and because Plaintiffs fails to do anything more than conclusorily allege Carnival was on notice, the complaint is dismissed with prejudice.

## II.   Legal Standard

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When ruling on such a motion, a court must view the complaint in a light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See Twombly*, 550 U.S. at 555-56. In order to establish a facially plausible claim, a plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III.   Analysis

### A. Elements of a Maritime Negligence Claim

To state a negligence claim, Navarro must allege: (1) Carnival had a duty to protect her from a particular injury; (2) Carnival breached that duty; (3) the breach actually and proximately caused her injury; and (4) she suffered actual harm. *Pizzino v. NCL (Bahamas) Ltd.*, 709 F. App'x 563, 565 (11th Cir. 2017) (citing *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015)). Under federal maritime law, a ship owner owes all passengers a duty of exercising

2

reasonable care under the circumstances. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959)). Importantly, "where . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure"—as is the case here—Navarro must also allege factual matter demonstrating that Carnival "had actual or constructive notice of the risk-creating condition." *Pizzino*, 709 F. App'x at 565 (quoting *Keefe*, 867 F.2d at 1322).

In *Carroll v. Carnival Corp.*, the Eleventh Circuit made clear that subsumed in the "duty" element noted above, is a requirement that the defendant "had actual or constructive notice of risk-creating condition." 955 F.3d 1260, 1264 (11th Cir. 2020). The scope of a cruise line's "duty to protect its passengers is informed, if not defined, by its knowledge of the dangers they face onboard." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170 (11th Cir. 2020) (internal citation omitted). Duty and notice are intertwined in a maritime tort (albeit they are not identical). *Id.* The *Carroll* panel rejected the plaintiff's argument that an exception to the notice requirement is warranted when the defendant itself created the dangerous condition and thus, inherently had notice. In rejecting such an exception, the panel noted that it was bound by the Eleventh Circuit's decision in *Everett v. Carnival Cruise Lines*, 912 F.2d 1355 (11th Cir. 1990), which held that the district court's jury instructions were erroneous because they did not require the plaintiff to prove notice if she established that the cruise line created the dangerous condition. *See also Pizzino v. NCL (Bahamas) Ltd.*, 709 F. App'x 563, 563 (11th Cir. 2017) (finding that the trial court did not err in failing to give jury instruction that notice is not required when the defendant cruise ship operator created the dangerous condition). The *Carroll* panel noted that they are bound by that holding "even if we had misgivings about it." *Carroll*, 955 F.3d, 1255 n.2. This underscores the lack of exceptions to the notice requirement. In other words, if the *Carroll* panel felt Eleventh Circuit

precedent left space to create an exception to the notice requirement when prudential considerations call for it, it would have done so.

The Eleventh Circuit again highlighted the lack of exceptions to the notice requirement when it held that a plaintiff may use the doctrine of *res ipsa* to win an inference that the defendant breached its duty, but it cannot use *res ipsa* to avoid showing that the defendant had a duty, *i.e.* had notice, in the first place. *Tesoriero*, 965 F.3d at 1182.

Such an exception in vicarious liability cases would effectively eliminate the notice requirement in many negligence cases under federal maritime law—Carnival, or any corporate entity, almost exclusively acts through agents. A routine direct, premises liability claim could simply be recast as a vicarious liability claim to avoid having to plead and prove notice. For example, a claim that the cruise line negligently maintained the premises would be re-spun into a claim that the janitor employed by the cruise line negligently missed a spot.

It is true that such a rigid rule creates difficulties for plaintiffs. As Plaintiff notes, a negligent employee is hard to classify as a dangerous condition. But it is not impossible. Plaintiff could show that this employee had acted negligently before, or that similar incidents had occurred with photographers in high traffic areas before. Additionally, the Eleventh Circuit has stuck to precedent in the face of potentially absurd results before. The *Pizzino* panel cited a case where the Court explained that requiring a plaintiff to also establish notice in a case where the defendant's own activities created the risk "would have the absurd result that negligence actions could only be brought after a dangerous condition or practice created by a defendant claimed a previous victim, whose own recovery would be barred by the absence of notice." *Pizzino*, 709 F. App'x at 567. Still, the panel rejected the plaintiff's argument that no notice was required when defendant created the dangerous condition. *Id.*

Finally, there is ample precedent of Courts in this district requiring actual or constructive notice even when plaintiffs bring a negligence claim premised on a vicarious liability theory. *Yusko v. NCL (Bahamas) Ltd.*, 424 F. Supp. 3d 1231 (S.D. Fla. 2020); *Taylor v. Royal Caribbean Cruises Ltd.*, 437 F. Supp. 3d 1255 (S.D. Fla. 2020); *Cohen v. Carnival Corp.*, 945 F. Supp. 2d 1351 (S.D. Fla. 2013) (holding cruise passenger had to prove notice where photographer placed passengers in dangerous manner); *Ewing v. Carnival Corp.*, No. 19-20264-CIV, 2020 WL 3839699, at *19 (S.D. Fla. July 7, 2020).

At bottom, a vicarious liability claim is not a unique cause of action—it is a theory by which a plaintiff can hold a defendant liable for **negligence.** And, in federal maritime law, to impose liability for negligence, a plaintiff must show actual or constructive notice of the risk-creating condition. Because plaintiff cites no binding precedent creating an exception to that rule, the Court holds that such notice is required in the instant case.

### B. Pleading Requirements

Now, the Court must consider whether Plaintiff has alleged enough to survive a motion to dismiss. Plaintiff argues that even if notice is required to ultimately impose liability, actual or constructive notice is not one of the four formal elements of a negligence claim in federal maritime law, and thus need not be pled at the motion to dismiss stage. He cites Judges Bloom and Ruiz, who have both held that *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989) addresses the **imposition of liability, not pleading requirements**. *See, e.g.*, *Johnson v. Carnival Corp.*, No. 19-CV-23167, 2020 WL 128179, at *1 (S.D. Fla. Jan. 10, 2020); D.E. 31. Thus, according to Judges Bloom and Ruiz, a plaintiff that cannot sufficiently allege actual or constructive notice can still survive a motion to dismiss.

However, Defendant points to several cases in which a complaint was dismissed for failure to allege notice. *See, e.g.*, *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1339, 2016 WL 4613385 at *3 (S.D. Fla. 2016) (dismissing failure to warn claim where "Plaintiff has failed to allege any facts from which it may be inferred [the cruise line] knew or should have known of any dangerous or unsafe condition associated with the subject excursion"); *Gayou v. Celebrity Cruises, Inc.*, 2012 WL 2049431, at *4–6 (S.D. Fla. Sept. 14, 2016); *Lapidus v. NCL America LLC*, No. 12–21183–CIV, 2012 WL 2193055, at *2–4 (S.D. Fla. June 14, 2012) (dismissing negligence claim against cruise line where "there [were] no allegations as to any prior practices or behavior of the Excursion Entities that would have put [the cruise line] on notice of unreasonable dangers associated with the excursion"); *Gibson v. NCL (Bahamas) Ltd.*, No. 11–24343–CIV, 2012 WL 1952667, at *5 (S.D. Fla. May 30, 2012) (dismissing negligence claim against cruise line where complaint was "devoid of any factual allegations describing the 'Jungle Bus' [excursion] and whether [the cruise line] knew that there was no safe way to board it"); *see also Koens v. Royal Caribbean Cruises, Ltd.*, 774 F. Supp. 2d 1215, 1220 (S.D. Fla. 2011) ("merely pleading the existence of ... duties without providing a factual basis for their imposition is insufficient to state a cause of action").

The Court is unaware of any Eleventh Circuit case directly on point, but in light of the Eleventh Circuit's recent decision in *Tesoriero* stressing the interplay between duty and notice, and the bare conclusory allegations of notice in this complaint, the Court dismisses the complaint. This is Plaintiff's third opportunity. In the interests of judicial economy, the Plaintiff to should demonstrate at this stage that she will eventually be able to hold Carnival responsible for its conduct under the law of this circuit. Fed. R. Civ. P. 8(a)(2). She does not meet that burden.

**IV.   Conclusion**

This complaint is dismissed for failure to state a claim. The Eleventh Circuit requires actual or constructive notice of the risk-creating condition, and Plaintiff does not plausibly allege such notice.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th of December 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record